# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-CR-000026-MOC-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ALBERTIS LLOYD MUSE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's motions for early termination of supervised release. (Doc. Nos. 2, 3). The Government did not respond to Defendant's motion.

In 2014, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine. The Honorable Rebecca Beach Smith, Chief United States District Judge for the Eastern District of Virginia, sentenced Defendant to one hundred months' imprisonment to be followed by four years of supervised release. (Doc. No. 1-2).

Defendant's term of supervise release commenced on September 20, 2021. In early 2023, Defendant left the Eastern District of Virginia to complete his term of supervised release in the Western District of North Carolina. This district accepted jurisdiction over the remainder of Defendant's supervised release term on February 13, 2023. (Doc. No. 1).

Early termination of supervised release is appropriate where the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted); see 18 U.S.C. § 3583(e)(1). "[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."

1

Folks, 733 F. Supp. 2d at 651. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). Otherwise, the exception justifying early termination would swallow the rule. McKay, 352 F. Supp. 2d at 361.

Defendant's full term of supervised release will end on September 19, 2025. Now, having successfully completed three years of supervised release, Defendant moves for early termination. In support of his motion, Defendant notes that he has established stable residency and employment, and successfully completed a drug treatment program. Defendant is commended for this substantial personal growth following his release from prison. But Defendant's compliance with the terms of his supervised release alone "does not warrant early termination." Folks, 733 F. Supp. 2d at 651. Because Defendant fails to adduce sufficient verifiable evidence of "exceptionally good behavior" that would render the remaining year of supervised release inappropriate, id., the Court will deny Defendant's motion.

If Defendant obtained the written support of his probation officer for early termination, the Court would be willing to reconsider Defendant's motion. For this reason, the Court's denial of Defendant's motion will be without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for early termination of supervised release, (Doc. No. 2, 3), is **DENIED** without prejudice.

Signed: May 29, 2024

Max O. Cogburn Jr.
United States District Judge